**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Christina L. Thomas</u>

    v.                                                       Civil No. 18-cv-158-JD

<u>Warden, New Hampshire Correctional Facility for Women</u>[1]

**REPORT AND RECOMMENDATION**

Christina L. Thomas has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her state conviction and sentence.  Thomas was an inmate in the Secure Psychiatric Unit ("SPU") in the New Hampshire State Prison when she filed this action, and she named the prosecutor in her criminal case as the respondent.

After Thomas identified the prosecutor as the respondent, counsel representing the Strafford County Attorney's Office filed an appearance.  To streamline the docket, the magistrate judge recommends that the district judge drop the Strafford County Attorney's Office and the "New Hampshire District Attorney's Office" as parties.  See <u>Vasquez v. Reno</u>, 233 F.3d 688, 691 (1st Cir. 2000); <u>see also</u> 28 U.S.C. § 2243.  Although this court previously added the New Hampshire Department of Corrections ("DOC") Commissioner to the docket when Thomas was

---

[1]The Order issued this date directs the clerk's office to update the docket to identify the Warden of the New Hampshire Correctional Facility for Women as the respondent in this case.

housed in SPU, information on the state Inmate Locator website, https://business.nh.gov/inmate_locator/, indicates that the Warden of the New Hampshire Correctional Facility for Women ("NCFW") is Thomas's current custodian. Therefore, all other parties listed as respondents should be dropped as parties.

## Conclusion

To streamline the docket in the interest of judicial economy, the district judge should direct that the DOC Commissioner, the Strafford County Attorney's Office, and the "New Hampshire District Attorney's Office," be terminated as parties, leaving the NCFW Warden as the sole respondent. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to this Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 4, 2018

cc: Christina L. Thomas, pro se
    Thomas P. Velardi, Esq.