UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christina L. Thomas

    v.                                              Civil No. 18-cv-158-JD
                                                      Opinion No. 2019 DNH 083
Warden, N.H. State Prison
for Women

O R D E R

Christina L. Thomas, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from her state court conviction. The Warden moves to dismiss Thomas's petition on the grounds that the petition is untimely and that equitable tolling does not apply. Thomas opposes dismissal.

Background

A jury convicted Thomas in state court of first degree assault for knowingly causing serious bodily injury to a person under 13 years of age, in violation of N.H. Rev. Stat. Ann. ("RSA") 631:1, I(d). The state court sentenced her to a minimum of ten years and a maximum of thirty years' imprisonment. Thomas appealed her conviction, which the New Hampshire Supreme Court affirmed on February 23, 2016. State v. Thomas, 168 N.H. 589 (2016). Thomas did not petition the United States Supreme Court for a writ of certiorari. The time to petition for a writ of certiorari expired on May 23, 2016.

On June 28, 2016, Thomas signed a motion for a new trial, which was filed in superior court.  On October 13, 2016, the superior court dismissed Thomas's motion without prejudice for failure to comply with Stafford, Cheshire, and Belknap County Rule of Criminal Procedure 15(b)(5), which required a motion grounded on facts not apparent from the record to be verified by affidavit.  Thomas filed a "Verification of Defendant Thomas' Motion for a New Trial" on November 3, 2016, which brought her motion into compliance with Rule 15(b)(5).  Doc. 23-1 at 8.

The superior court denied the motion for a new trial on its merits on February 22, 2017.  Thomas signed a notice of appeal on March 18, 2017, which was filed in the superior court on March 22, 2017.  Thomas, however, did not file a notice of appeal with the New Hampshire Supreme Court, as required by its rules.  See Doc. 25-5; N.H. Sup. Ct. R. 5(1) ("[T]he party appealing shall . . . unless differently provided by law . . . simultaneously file the original and 8 copies of the notice of appeal and of the attachments mentioned on the applicable notice of appeal form, in the office of the clerk of this court . . . .").  The time for filing an appeal to the New Hampshire Supreme Court expired on March 24, 2017.  See N.H. Sup. Ct. R. 7(1)(B); Griffin v. Warden, N.H. State Prison for Men, 2018 WL 4017600, at *1 n.1 (D.N.H. Aug. 22, 2018).  Thomas signed her

§ 2254 petition on February 16, 2018, and it was filed in this court on February 20, 2018.

Discussion

The Warden argues that the court must dismiss Thomas's § 2254 petition because it is untimely. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a one-year limitations period for petitions for habeas corpus relief under § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins running from the time that the state judgment becomes final, which is at the conclusion of a direct appeal or the expiration of time for seeking a direct appeal. Id. § 2244(d)(1)(A).

The Warden contends that, considering statutory tolling, the one-year limitations period expired on September 11, 2017.[1] Additionally, the Warden contends that Thomas is not entitled to equitable tolling.[2] In her objection, Thomas does not contest

---

[1] The Warden appears to have failed to consider the prisoner mailbox rule in calculating the expiration of the limitations period. Morales-Rivera v. United States, 184 F.3d 109, 111 (1st Cir. 1999); see also Lattimore v. Dubois, 311 F.3d 46, 54 n.5 (1st Cir. 2002) (noting that a "fair inference" can be made that a pleading signed and dated on a certain day by a prisoner was deposited in the prison mail system that same day).

[2] The Warden argues, in the alternative, that Thomas's petition must be dismissed as a "mixed" petition that contains some exhausted and some unexhausted claims. The court need not reach that issue because Thomas's petition is untimely as discussed below.

3

the Warden's assertion that her petition was untimely filed, but she asserts that the court should grant her an exception because she does not understand the legal process.

   A. Timeliness

The limitations period began running on May 23, 2016, when the time period for petitioning the Supreme Court for certiorari expired ninety days after the New Hampshire Supreme Court affirmed Thomas's conviction. See § 2244(d)(1); Blue v. Medeiros, 913 F.3d 1, 3-4 (1st Cir. 2019) (concluding that "[n]inety days" after the Massachusetts Supreme Judicial Court summarily denied direct review of the petitioner's conviction and sentence, "Petitioner's convictions became final; that is the moment the AEDPA statute of limitations clock began to tick"). The limitations period was tolled between November 3, 2016, and March 24, 2017, while Thomas's motion for a new trial was pending.[3] See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

   [3] Thomas's motion for a new trial was not "properly filed" until November 3, 2016. See Holmes v. Spencer, 685 F.3d 51, 60-62 (1st Cir. 2012) (holding that motion to reduce sentence was not "properly filed" because it failed to indicate the grounds on which it was based as required by Massachusetts law).

4

limitation under this subsection."); Drew v. MacEachern, 620 F.3d 16, 20 (1st Cir. 2010); Currie v. Matesanz, 281 F.3d 261, 267-68 (1st Cir. 2002) ("[A]n application for [state] post-conviction relief is pending 'from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures.").

Accounting for the period while the limitations period was tolled, the time for Thomas's § 2254 petition expired in October 2017. Thomas did not deposit her § 2254 petition into the prison mail system until February 16, 2018. Therefore, Thomas's § 2254 petition is untimely.

### B. Equitable Tolling

Construing her response liberally, Thomas asks for equitable relief on the ground that she did not understand the post-trial appellate and collateral attack process. She also indicates that she intended to appeal her motion for a new trial to the New Hampshire Supreme Court but failed to do so because she was moving between prisons and lacked adequate access to legal materials and her own property, or because the prison system lost her mail. The Warden argues that Thomas should not benefit from equitable relief.

The one-year limitations period can be tolled on equitable grounds. Holland v. Florida, 560 U.S. 631, 645 (2010); Neverson v. Farquharson, 366 F.3d 31, 41 (1st Cir. 2004). To be entitled to equitable tolling, the petitioner must "demonstrate as necessary conditions for relief" that (1) she pursued her rights diligently, and (2) extraordinary circumstances prevented a timely filing. Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016).[4] "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside [her] control." Blue, 913 F.3d at 8. Equitable tolling is a flexible, but infrequently warranted remedy. Id. at 8-9; see also Wallace v. Kato, 549 U.S. 384, 396 (2007) (stating that equitable tolling is a "rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs").

---

[4] The Warden refers the court to Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007), on the point of significant factors the court should consider in evaluating a claim for equitable tolling. Trapp, however, "has been overtaken by Holland v. Florida . . . ." Holmes, 822 F.3d at 611 n.1; see also Washburn v. Warden, New Hampshire State Prison, 2017 WL 532316, at *2 n.2 (D.N.H. Jan. 17, 2017) ("[The Warden] cites Trapp v. Spencer for the factors that courts should consider when deciding whether a habeas petitioner is entitled to equitable tolling, but on at least one issue, 'Trapp has been overtaken by Holland.'") (citation omitted). The Warden does not show that Trapp remains good law on the point she cites.

1. Diligence

Thomas argues that she attempted to diligently comply with the court rules but could not because she did not understand the rules and did not have sufficient access to legal materials. The Warden contends that "[s]ince the petition was months late, this petitioner cannot show that she was diligent in pursuing her federal habeas remedies." Doc. 25 at 5.

Although pro se litigants are often afforded substantial leeway in the form and substance of their pleadings, they are nonetheless required to conform to procedural rules. Lattimore, 311 F.3d at 55 ("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."). Thomas's failure to understand the procedural rules applicable to her case does not excuse her failure to diligently pursue collateral relief. See id.

2. Extraordinary Circumstances

Thomas argues that the prison system hindered her attempts at pursuing collateral relief. In support, she asserts that she was prevented from filing the paperwork to appeal the denial of her motion for a new trial because she was transferred between prisons in late November 2017. She contends that she attempted to file an appeal to the New Hampshire Supreme Court in

7

September 2017, but the court never received the paperwork. Thomas speculates that the prison system lost her mail.

The time to file an appeal of the superior court's denial of the motion for a new trial to the New Hampshire Supreme Court expired in March 2017, before Thomas's belated attempt to file an appeal in September 2017. Thomas also does not explain why she was able to file a notice of appeal in the superior court in March 2017 but was unable to file the required notice in the New Hampshire Supreme Court at the same time.

Furthermore, because she failed to file a notice of appeal to the New Hampshire Supreme Court, the time to file the § 2254 petition expired in October 2017, which was before Thomas was transferred between prisons in November 2017. Therefore, Thomas has not shown that extraordinary circumstances prevented her from timely filing her § 2254 petition.

## Conclusion

For the foregoing reasons, the Warden's motion to dismiss (doc. no. 25) is granted. The petition is dismissed.

Thomas has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). Therefore, the court declines to issue a certificate of appealability.

The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 13, 2019

cc: Christina L. Thomas, pro se
    Thomas P. Velardi, Esq.
    Elizabeth C. Woodcock, Esq.